# STANDING ORDER IN CIVIL CASES ASSIGNED TO JUDGE JASON PULLIAM

The disposition of civil cases will be controlled by the following order:

## 1. MOTION TO DISMISS FILED PURSUANT TO FEDERAL RULE 12(b)(6)

To advance the case efficiently and minimize the cost of litigation, the Court will provide parties an opportunity to amend their pleadings once before considering a Federal Rule 12(b)(6) Motion to Dismiss. **The following procedure must be followed before any party files a Motion to Dismiss under Federal Rule 12(b)(6):**

**(1) Counsel shall confer with opposing counsel and provide written notice prior to filing a Federal Rule 12(b)(6) Motion to Dismiss:**

- To facilitate the efficient progression of litigation, a party or counsel who anticipates filing a Motion to Dismiss under Federal Rule 12(b)(6) must first confer with opposing counsel concerning the proposed deficiencies and the expected basis of the Motion. This conference shall include written (email or certified mail) notification of the Plaintiff's right to amend the pleading under these procedures, specifying the proposed deficiencies and the deadlines below.

**(2)** Following this notification conference, if the Plaintiff intends to amend the pleading, the Plaintiff shall file an Advisory of such intent with the Court within seven (7) days of receipt of the notification letter. The Amended Complaint must be filed within seven (7) days of the filing date of the Advisory.

**(3)** If the Complaint is not so amended by the established deadline, the Defendant may file a Federal Rule 12(b)(6) Motion to Dismiss. If the Defendant believes any Amended Complaint is still deficient, the Defendant shall file the Motion within the time prescribed by Federal Rule 12(a).

- When a party files a Motion to Dismiss under Federal Rule 12(b), **a Certificate of Conference shall accompany the Motion expressly stating the movant complied with this Standing Order by informing the Plaintiff of the basis of any anticipated motion, the date of this notice, and noting the non-movant did not timely amend its pleading or the amended pleading is still deficient**.

- The Court will strike any Federal Rule 12(b) Motion to Dismiss if it does not contain the required Certificate of Conference, which may preclude its re-filing given the time limits prescribed in Federal Rule 12(a).

Under this practice, the Plaintiff has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Motion to Dismiss. Consequently, if the Court finds any Motion to Dismiss has merit, **the Plaintiff shall not be**

**allowed an additional opportunity to amend its Complaint following a properly filed Motion to Dismiss.** *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002).

If the Court denies the Motion to Dismiss and the case goes forward, the Plaintiff may seek leave of Court to amend the live Complaint later if circumstances warrant or require amendment.

Federal Rule 12(a) prescribes time limits for the filing of an Answer and for the filing of motions under Federal Rule 12. The requirements of this Standing Order should not preclude or interfere with these time limits.

## 2. GENERAL

### a. Citations to the Record

The facts set forth in any motion shall be stated in separately numbered paragraphs with citation to a particular pleading or other part of the record supporting the party's statement. All positions and statements contained in the body of any motion or any responses must contain specific cites to the record supporting the party's statement. The Court will not search the record for evidence and may not consider any evidence that is not specifically cited in the parties' briefs.

All case citations shall use the appropriate Westlaw citation, not Lexis citation.

### b. Motions Practice

- A party should not file a Motion and separate "Memorandum of Law." The Motion, itself, should include the party's argument and citation authority supporting the relief it seeks.

- The Court will strike non-dispositive motions that do not include a Certificate of Conference. W.D. Tex. Civ. R. 7(g).

- The Court disfavors motions to maintain filings under seal, and the Court expects parties to draft such submissions in a manner that does not disclose confidential information. W.D. Tex. Civ. R. 5.2(b). Proper redaction is preferable to sealing a case or a particular filing. Even when filing a document under seal may be warranted, it is better for the sealed document to be an exhibit rather than the entire filing. If a party wishes to file a pleading, motion, or exhibit under seal, the party must first obtain leave of court by motion with citation to authority supporting the filing under seal. The item will be admitted under seal if the court deems such filing to be necessary.

## 3. FEDERAL TORT CLAIMS ACT AND BENCH TRIAL CASES

Motions for summary judgment are highly disfavored in any case in which the Court will serve as the factfinder and in any case asserting a cause of action under the Federal Tort Claims Act in which parties do not have a right to a jury trial under 28 U. S. C. § 2402 and *Carlson v. Green*, 446 U.S. 14, 22 (1980). Consequently, the basis for any motion for summary judgment in these

cases should be restricted to purely legal issues (e.g., whether a legal duty exists, the affirmative defense of statute of limitations, or failure to exhaust administrative remedies).

## 4. NOTICE TO PARTIES ASSERTING FEDERAL JURISDICTION IN DIVERSITY CASES

Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. Complete diversity requires that all persons on one side of the controversy be citizens of different states from all persons on the other side. The party asserting federal jurisdiction in a diversity action has the burden to demonstrate complete diversity. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Parties must make "clear, distinct, and precise affirmative jurisdictional allegations." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).

### a. Individuals:

For individuals, pleading residence is insufficient; the notice of removal must plead their citizenship. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).

### b. LLCS, Partnerships, and Unincorporated Associations:

The citizenship of a limited-liability business organization is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Similarly, the citizenship of a partnership is determined by the citizenship of all its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Corfield v. Dallas Glen Hills, L.P.*, 355 F.3d 853, 856 n.3 (5th Cir. 2003). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). When members or partners are themselves entities or associations, citizenship must be traced through however many layers of members/partners there are until arriving at the entity that is not a limited liability entity or partnership and identifying its citizenship status. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009).

If the members of an LLC or partners of a partnership are unknown to the removing party even after a diligent investigation, the removing party may allege its citizenship on information and belief. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015). Before doing so, the removing party should consult the sources at its disposal, including court filings and other public records to ensure good faith pleading. *Id.* at 108.

### c. Corporations:

A corporation is a citizen of its state(s) of incorporation *and* of the state in which its principal place of business is located, as determined by the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The removing party must allege *both* a corporation's state of incorporation and its principal place of business. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

## 5. REMOVED CASES

### a. File the Complete State Court Record

Pursuant to 28 U.S.C. § 1447(b) the removing party(ies) shall supplement the record with all state court pleadings and filings. The supplement shall include the docket sheet from the state court.

### b. Properly Plead Citizenship of all Parties

If this case has been removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332, the removing party has the burden to demonstrate there is complete diversity by properly pleading the citizenship of all parties as discussed previously. Failure to supplement the record with proper citizenship allegations may result in remand of this action by the Court without further notice.

### c. Re-file Pending Motions

Any motion filed in the state court before removal that still requires resolution in this Court must be re-filed as a new motion in this Court.

## 6. TRIAL PRACTICE

### a. Objections to Exhibits

The Court requires pretrial objections to the authenticity and admissibility of exhibits. The Court will address all evidentiary objections at the Final Pre-trial Conference. The Court strongly favors the admission of all exhibits at the Pre-trial Conference. A party's failure to address any evidentiary objection at the Pre-trial Conference could be cause for waiver of this objection during trial.

### b. Voir Dire

The Court will conduct a preliminary examination of the jury panel. Following the Court's examination, each side may be allowed the opportunity to examine the panel briefly, provided proposed *voir dire* questions were properly submitted in accordance with the Court's Final Pre-trial Order.

### c. Depositions

Most often, the Court will accept the parties' agreement to use a deposition at trial even though the witness is available.

It is so ORDERED.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE